## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI CHEN, | ) | |
| | ) | Case No. 3:26-cv-00985 |
| *Petitioner*, | ) | |
| | ) | District Judge Stephanie L. Haines |
| v. | ) | |
| | ) | |
| TODD BLANCHE, *et al.*, | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |
| | ) | |

## ORDER

**AND NOW** this 30th day of June, 2026, and for the reasons stated by this Court in *De Armas v. Oddo*, No. 3:26-cv-134, 2026 WL 1815864 (W.D. Pa. June 24, 2026) (holding that the Court has jurisdiction over habeas challenges to continued detention following revocation of supervised release where the challenge concerns the legality of custody, not the final removal order, and is based on an alleged failure to show changed circumstances or a significant likelihood of removal in the reasonably foreseeable future), it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. Petitioner is a native and citizen of China and subject to a final order of removal. ECF No. 11-5, p. 3. Petitioner was previously detained on September 16, 2008, subsequent to his arrest for removal. *Id.*, p. 4. Petitioner was later released under an Order of Supervision. *Id.* The Government revoked Petitioner's release and returned him to custody on November 13, 2025. ECF No. 11-6, p. 2.

3. The Court finds Petitioner has now been detained for more than six months and has provided good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 699-701 (2001). Petitioner points to the Government's prior inability to remove him, his prior release under an Order of Supervision, the absence of travel documents, and the absence of evidence that China will accept him in the reasonably foreseeable future. ECF No. 1, ¶¶ 14, 19-22, 28.

4. Respondents have not rebutted that showing. *See Zadvydas*, 533 U.S. at 701. Respondents have not identified concrete evidence establishing that Petitioner's removal is significantly likely in the reasonably foreseeable future. Specifically, Respondents have not shown that travel documents have issued, that a consular interview has occurred or is scheduled, that a removal flight has been scheduled, that China has accepted Petitioner, or that any other concrete step has made removal significantly likely rather than merely possible.

5. Nor have Respondents shown that Petitioner's re-detention satisfied 8 C.F.R. § 241.13(i)(2). Where ICE revokes release on supervision for the purpose of removal, the regulation requires an individualized determination, "on account of changed circumstances," that there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future. *Pan v. Oddo*, No. 3:25-cv-265, 2025 WL 3960013, at *2 (W.D. Pa. Dec. 1, 2025) (quoting *Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2))). Respondents have not identified changed circumstances sufficient to justify Petitioner's renewed detention.

6. Respondents shall immediately release Petitioner from custody, subject to and in accordance with the conditions of his preexisting Order of Supervision.

7. Respondents shall file a notice certifying compliance with this Order within seven days.

8. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge


Cc:    Counsel of record
       (Via CM/ECF electronic mail)